JOHN WARD, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

AGREED CASE FROM KANE.

An appeal does not lie to the Circuit Court from the decision of a justice of the peace, for a penalty, under the "Act to prohibit the retailing of intoxicating drinks," approved April 18th, 1851.

The Circuit Court has not inherent power to entertain appeals from inferior tribunals. Where but one trial is provided by law, such trial is final.

The right to appeal under the fifty-eighth section of chapter fifty-nine of Rev. St., does not apply to judgments rendered by justices of the peace in criminal prosecutions, for fines, penalties, or offences, which are criminal in their character.

THE agreed case, filed in the Supreme Court, shows, that this was originally an action of debt, brought against Ward, before a justice of the peace in Kane county, to recover the penalty of twenty-five dollars for an alleged violation of the "Act to prohibit the retailing of intoxicating drinks," "approved February 1st, 1851. The plea was not guilty. After hearing the evidence, the justice gave judgment for twenty-five dollars and costs. Ward took an appeal from this judgment to the Circuit Court.

At the May term, 1852, of the Kane Circuit Court, WILSON, Judge, presiding, A. B. COON, State's attorney, for the people, entered his motion to dismiss the appeal, which was sustained by the court.

Ward, by his counsel, excepted; and the question, as to the right of appeal in this case, was submitted to this court.

D. EASTMAN, for plaintiff in error.

B. C. COOK, for the people.

CATON, J. The plaintiff in error was prosecuted before a justice of the peace for violating the provisions of an act entitled "An act to prohibit the retailing of intoxicating drinks," approved April 18th, 1851; and a judgment was rendered against him for twenty-five dollars. He appealed to the Circuit Court, where the appeal was dismissed, on the ground that no appeal is allowed in such a case. This presents the only question for our consideration. The third section of that act confers the jurisdiction upon justices of the peace, and is as follows: " The fines herein provided for, may be recovered either by indictment, in any court having jurisdiction of such offence, or by action of debt, in the name of the people of the State of Illinois, before any justice of the peace of the proper county." Here, a jurisdiction is conferred upon justices of the peace; and no provision

is made in the act itself allowing an appeal from the judgment of the justice. The principle is too well settled, by the repeated decisions of this and other courts, to require even a reference to authority to support it, — that, where a particular jurisdiction is conferred upon an inferior court or tribunal, its decision, when acting within the jurisdiction conferred, is final, unless provision is made by statute for an appeal from such decision. In no case has the Circuit Court inherent power to entertain appeals from inferior tribunals. Where but one trial is provided by law, that, of necessity, must be final. Indeed this rule is so well settled, that it was not even questioned by counsel upon the argument; and, while it was admitted that there is not the least shadow of authority for taking the appeal given by this statute, the right was claimed under the fifty-eighth section of chapter fifty-nine of the Revised Statutes. This section, and indeed nearly the whole chapter, as now incorporated into the Revised Statutes, was passed many years ago, since which time a great number of acts have been passed, conferring a great variety of particular jurisdictions upon justices of the peace, in most, though not all of which, express provision is made for appeals. That chapter is the general law defining the general duties of, and prescribing the practice before, justices of the peace, and conferring the general and ordinary jurisdiction which they are authorized to exercise. The section relied upon is as follows: "Appeals from judgments of justices of the peace to the Circuit Court shall be granted in all cases, except on judgments confessed. Provided, the party praying for an appeal shall, within twenty days from the rendering of the judgment from which he desires to take an appeal, enter into bond with security to be approved and conditioned as hereinafter provided." We are of opinion, that this section does not apply to judgments rendered by justices of the peace, in criminal prosecutions, for fines or penalties, for crimes or misdemeanors. The chapter in which this section is found confers a criminal as well as a civil jurisdiction, and it is certain that the legislature did not intend that the section quoted should apply to the criminal jurisdiction, even, which was conferred by the same chapter; for in the ninety-ninth section a distinct provision is made for appeals in such cases, which are to be taken

in a different mode; so that the expression, " in all cases except on judgments confessed," was not intended to embrace every judgment rendered by a justice, besides those excluded by the exception specified. This, of itself, is a sufficient answer to the argument based upon the comprehensive meaning of the word *all.* The form of the bond to be given in appeals provided for in the fifty-eighth section, is prescribed in the fifty-ninth section, and that form is only applicable to civil actions between private parties; and this shows, very satisfactorily, that it was the intention of the legislature, in that section, only to provide for appeals in civil cases. If it was the intention of the legislature to authorize an appeal in every case, by the fifty-eighth section, it was indeed a work of supererogation for them, in subsequent acts conferring new jurisdictions, to make special provision in those acts for appeals, which has generally been done. This shows, at least, the understanding of the legislature of the true meaning of the fifty-eighth section; and that understanding affords a very safe rule for interpreting their subsequent enactments. If it is clear that the legislature supposed that there was no general provision allowing an appeal when a new jurisdiction is conferred, and that such an appeal can only be taken when expressly authorized in the particular case, it would seem manifest that no appeal is intended to be allowed when a new jurisdiction is conferred, and no provision is made for an appeal. At any rate, we cannot, without doing what we conceive to be violence to the manifest intention of the legislature, hold that the general expression in the fifty-eighth section of the fifty-ninth chapter of the Revised Statutes embraces cases which are criminal in their nature. While we are disposed to extend this provision as far as it will legitimately bear, and to embrace within it civil actions, the jurisdiction over which is not provided for in that chapter; beyond this we cannot feel authorized to go. Edwards *v.* Vandemark, ante, 633. Were we empowered to make the law, we might not hesitate to allow an appeal in this case; yet so long as the legislature, for reasons which were no doubt satisfactory, have seen fit not to confer the right, it would have been a usurpation of power by the Circuit Court to have taken jurisdiction of the appeal. For the want of such jurisdiction,

we think the appeal was properly dismissed by the Circuit Court, and its decision must be affirmed.

*Judgment affirmed.*

TREAT, C. J., dissented.