SYLVESTER L. MOORE

*v.*

MILTON MAYFIELD.

1. WRIT OF ERROR—*contested election cases.* Under the 49th section of the election law of 1845, the decision of the circuit court on an appeal from the decision of the justices, in the matter of a contested election, is final, and can not be reviewed in the Supreme Court.

WRIT OF ERROR to the Circuit Court of Morgan county.

At an election held on the 6th day of November, 1866, Sylvester L. Moore and Milton Mayfield were opposing candidates for the office of sheriff of Morgan county, and upon counting the votes, the canvassers declared that Moore had received a majority thereof, and was elected to that office. On

the 4th of December following, Mayfield notified Moore that he should contest the alleged right of the latter to hold the office, on the ground that he, Mayfield, had received a majority of all the legal votes cast at said election, and that he should, on a day named, proceed to take proof, etc.

Three justices of the peace were selected in the manner prescribed in chapter 37 of the Revised Statutes, entitled "Elections," to decide upon the respective claims of the parties. A trial was had, which resulted in a decision that Mayfield had received a majority of all the legal votes cast at the election for the office of sheriff, and was therefore duly elected thereto, and a judgment was entered against Moore for the costs of the proceeding. From this decision of the justices, Moore took an appeal to the circuit court of Morgan county. At the special term of that court, commenced on the third Monday of November, 1867, Moore entered his motion that the court grant him a trial by jury, which was overruled, and a trial was had before the court, resulting, as that had before the justices, in a decision that Mayfield had received a majority of the legal votes cast at the election, and was duly elected to the office of sheriff; and the court adjudged that Mayfield recover his costs.

Moore thereupon tendered his bill of exceptions, which was signed and sealed by the circuit judge, and this writ of error was sued out by Moore to bring the proceedings before this court for review.

At the January term, 1868, of this court, the plaintiff in error entered his motion that the writ of error be made a supersedeas, and thereupon the defendant in error entered a cross-motion to dismiss the writ of error, upon the ground that the decision of the circuit court was final, and no writ of error would lie.

Messrs. MORRISON & EPLER and Messrs. CASE & STRYKER, for the plaintiff in error.

Messrs. KETCHAM & ATKINS, for the defendant in error.

PER CURIAM : The cross-motion of the defendant, to dismiss this writ of error, on the ground that the decision of the circuit court was final, must be allowed. The language of the 49th section of the election law (Rev. Stat. 1845, 224), which controls this question, is explicit, that on an appeal to the circuit court from the decision of the justices, in the matter of a contested election such as this, the decision of that court "shall be final." A similar provision in the 38th section of chapter 93 of the Revised Statutes, entitled "Roads," was before this court for consideration, in the case of *Coon* v. *Mason County*, 22 Ill. 666. The county court of Mason county had ordered a road to be opened, and refused to allow the owner of a tract of land through which the road passed, any damages therefor. From that decision the owner of the land appealed to the circuit court, and the order of the county court being there affirmed, he sued out a writ of error to bring the decision of the circuit court in review before this court. Upon a motion to dismiss the writ of error, it was held that the provision of the road law above cited, which declares that the decision of the circuit court, upon an appeal of that character, should "be a final decision," prohibited the prosecution of a writ of error, as well as an appeal. We regard that case as decisive of this, in that regard.

It is contended, however, that the provision of the statute in this case is in conflict with the 5th section of the 5th article of the constitution, which declares that "the supreme court may have original jurisdiction in cases relative to the revenue, in cases of *mandamus, habeas corpus*, and in such cases of impeachment as may be, by law, directed to be tried before it, and shall have appellate jurisdiction *in all other cases*."

Whether this clause of the constitution was designed to give to this court appellate jurisdiction in all cases except those specified, in which it is given original jurisdiction, not

subject to any legislative restrictions or limitations in that regard, or merely to define the general character of its jurisdiction as being appellate only, except in the cases specified, it is not necessary here to consider, as the proceeding to contest an election under our statute is not a "case," within the meaning of that section of the constitution. This is merely a statutory proceeding for re-canvassing the votes cast at an election, in which the illegal votes may be rejected and those which are legal may be counted, and the result ascertained, and the finding of that result is not a judgment in the sense in which that term is used in the law giving the right to prosecute a writ of error, nor is the proceeding by means of which that result is reached, a "case," within the meaning of the constitution.

That term would refer more properly to an action at law or a suit in chancery, but this proceeding is neither one nor the other.

We think the legislature have the power to declare that the decision of the circuit court in a matter of this character shall be final, and that in the act under consideration they have done so. The writ of error will be dismissed.

*Writ of Error dismissed.*