# Mark Skinner *et al.*

*v.*

# The Lake View Avenue Company.

| 57 | 151 |
| 120 | 252 |

1. Appeal—*when it will lie.* Where a corporation is formed, under the general law of 1859, for the purpose of constructing plank, gravel or macadamised roads, and authorized to condemn lands therefor, by presenting a petition to a judge of a court of record for the appointment of commissioners for the purpose, and where commissioners have been thus appointed and returned their report into court, and it has been approved by the court, the order of approval becomes a final judgment, from which an appeal lies to this court, notwithstanding the act providing for the condemnation is silent as to an appeal or writ of error.

2. A judgment before a justice of the peace is final unless the law gives an appeal. The circuit courts have no inherent power to try appeals from inferior tribunals, and can only entertain them by virtue of statutory power.

3. In cases in which the statute declares the action of an inferior tribunal to be final, and prohibits an appeal or writ of error, such action must be held conclusive, unless it violates a constitutional right. But parties have the right of appeal from the circuit to the supreme court, where the judgment or decree is final and relates to a franchise or freehold.

4. Judgment—*final.* Where, under the statute, the petition was presented to the court, commissioners were appointed, made their report, the clerk recorded the orders, and the court confirmed the report: *Held* this constituted a condemnation of the land by which the title passed to the corporation. Such a judgment relates to a freehold and is within the constitution and statute which authorizes an appeal.

5. Jurisdiction. In such a case the presentation of the petition confers jurisdiction.

6. Petition. Where the statute declares "the directors may present a petition," it is fully complied with when the petition is signed by the corporation by its attorney. In suits by corporations, the corporate name and not the name of the directors, is used.

7. Notice—*appearance.* The filing of the petition and the appearance of the parties dispensed with notice required to be given of the time and place of hearing. The presenting of the petition, properly describing the land, praying for the appointment of appraisers to assess damages, gave jurisdiction of the subject matter, and appearance, of that of the persons. After the parties appear notice is wholly unnecessary.

8.  ELECTION OF DIRECTORS—*evidence of.*  A certificate signed by persons, in compliance with the statute, with the proper certificate of the county clerk appended as required by law, is evidence of the election of directors.

9.  COMMISSIONERS—*their proceedings—notice.*  Where the statute requires the commissioners in condemning land, to view it and hear evidence as to damages, it is held to be indispensable to their action that they give personal notice of the time and place of meeting to assess the damages, and a recital in their report that they had given notice is insufficient; it should appear in the report or the order approving the same.

10.  The record should show service of notice of the time of filing the report.  Under the 13th section of the act, the court has the power to modify the assessment made by the appraisers, and for such purpose evidence may be heard, and the owner of the land should have notice, that he may be heard on the question.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The facts are stated in the opinion.

Messrs. MATTOCKS & MASON, and Mr. EDWARD S. ISHAM, for the appellants.

Messrs. GOUDY & CHANDLER, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The Lake View Avenue Company was organized as a corporation, under the general law of 1859, for constructing plank, gravel or macadamized roads or pikes.  The corporation presented a petition to the judges of the Superior Court of Chicago, for the condemnation of the land of one Newberry, deceased, by whose will appellants hold the land, as trustees.

The court appointed appraisers, who made a report condemning the land prayed for, and allowed no compensation. This report was approved by the court, and from this order of confirmation appellants prosecute this appeal.

It is contended on the part of appellee, that the action of the superior court, or the judges thereof, is final, and that no appeal will lie.

The statute under which this corporation was formed, does not provide for an appeal, or the prosecution of a writ of error. Neither does it declare that the action of the court below or the judge to whom the petition may be presented, shall be final

The cases of *Ward* v. *The People*, 13 Ill. 637, and *Moore* v. *Mayfield*, 47 Ill. 167, cited by appellee, have no proper application to the position assumed. In the first case, it was sought to recover a penalty, for the violation of a statute which conferred jurisdiction upon a justice of the peace, without any provision for an appeal. The justice's court is an inferior tribunal, with a special and limited jurisdiction, and its decision is final where the statute makes no provision for an appeal. This court held, that the circuit court had no inherent power to entertain appeals from inferior tribunals, and that the general provision of the statute, for appeals from the judgments of justices of the peace, did not apply to judgments for penalties which are criminal in their character.

In the case of *Moore* v. *Mayfield, supra,* the statute, which was construed, expressly provided that the decision of the circuit court should be final. Without overriding the statute entirely no appeal could be sustained in such case.

Parties have the right to appeal from the circuit to the supreme court, in all cases where the judgment or decree shall be final, and shall relate to a franchise or freehold.

The act under which this proceeding was had, directs the presentation of the petition to the judge of any court of record; that the judge shall appoint a day for the hearing of the parties, and order a notice to be given of the time and place of hearing, the appointment of appraisers, the confirmation of their report, and, when necessary, the modification of the assessment made by them.

These provisions clearly intend an application to a court. For the effectual operation of the law, the machinery of the court must be put in motion. The clerk must record the orders, and the sheriff give the notices required.

The petition was therefore properly presented to the judges of the superior court. The approval of the report of the appraisers was a final judgment. The proceedings were entered of record, and constituted a condemnation of real estate, by which the title of appellants was divested, and, by virtue of the statute and the judgment, transferred to the corporation. The judgment relates to a freehold, and is within the provisions of the constitution and the statute which authorize an appeal. *Morris et al.* v. *The City of Chicago,* 11 Ill. 650.

Numerous objections are urged to the regularity of the proceedings.

It is contended that the court had no jurisdiction of the subject matter. The presentation of the petition conferred such jurisdiction. The statute, which says, " the directors may present a petition," is fully complied with when the petition is signed by the corporation by its attorney. In all suits and proceedings the corporate name must be used, and not the names of the directors.

The filing of the petition and the appearance of the parties in interest dispensed with the notice required to be given, of the time and place of hearing. Consent, then, gave jurisdiction of the persons, but not of the subject matter of litigation. Jurisdiction of the latter was obtained by a compliance with sec. 9 of the act of 1859, by presenting the petition, properly describing the lands, and praying for the appointment of appraisers to assess the damages. The service of notice was wholly unnecessary, after the appearance of the parties.

It is objected that there is no evidence in the record of the due election of directors. There is in the record a certificate, signed by five persons, in full compliance with section 1 of the act before referred to, and appended thereto a certificate of the county clerk, according to section 17 of the same act. The certificate of organization is in strict accordance with the statute.

But there is a fatal objection to the action of the appraisers, and the subsequent action of the court.

Section 12 of the act provides that the appraisers shall view the lands and hear evidence as to the damages sustained.  It is an indispensable prerequisite to any action on their part, that they should give personal notice of the time and place of meeting to ascertain and assess the damages which any owner may sustain.   The recital by the appraisers in their report, that they had given notice, is not sufficient.   The notice should appear in the report, or in the order of the court approving the same.

There is no evidence in the record that appellants had any notice of the time of filing the report.   According to section 13 of the act, the judge of the court may modify the assessment made by the appraisers, as to him shall seem just.   For such purpose evidence might be heard, and appellants should have had due notice of the filing of the report.

For such irregularities, the judgment is reversed and the cause remanded.

*Judgment reversed.*