MARIA E. YOUNG *et al.*

*v.*

SAMUEL STEARNS *et al.*

1. APPEAL—*right to bring to Supreme Court.* There are only four classes of cases in which there is a constitutional right of appeal or writ of error to this court, viz: criminal cases, and cases in which either a franchise or freehold or the validity of a statute is involved, and even in these cases the right of appeal is not direct from the trial court, but such appeal or writ of error may be through the intermediary of the Appellate Court, as the legislature may determine.

2. SAME—*chancery cases, etc.* Under the present legislation, in all criminal cases and cases in which a franchise or freehold or the validity of a statute is involved, an appeal or writ of error may be taken directly to this court in case the party appealing or prosecuting such writ of error shall so elect, except in cases in chancery, which must be taken to the Appellate Court in the first place, even though the suit appealed from may involve a franchise, a freehold, or the validity of a statute.

3. STATUTES—*construction of two together.* The Appellate Court act, establishing such courts and conferring jurisdiction, and the amendments and additions to the Practice act, passed at the same session, being *in pari materia,* are to be construed together, so that every part of both may stand together and harmonize, and the provisions of each have a sensible and intelligent effect.

APPEAL from the Circuit Court of Will county.

Mr. GEO. S. HOUSE, for the appellees.

Per CURIAM: This is a suit in chancery, involving a freehold, in which the final decree was rendered by the circuit court after the first day of July, 1877. An appeal was taken to this court, and a motion is now entered by appellees to dismiss such appeal for want of jurisdiction.

There are only four classes of cases in which there is a constitutional right of appeal or writ of error to this court. These four classes are, criminal cases, and cases in which either a franchise, a freehold, or the validity of a statute is involved. Even in these cases such constitutional right of appeal or writ of error to this court is not the right of a direct appeal from or writ of error to the trial court, but such appeal or writ of error may be through the intermediary of the Appellate Court. It is for the legislature to determine as to whether in all, or some, or any of these cases, the appeal shall be direct to this court, or otherwise.

The Appellate Court act of 1877, and the amended and additional sections of the Practice act, were approved on the same day, and went into effect on the same day. They are *in pari materia,* and are to be construed together. Every part of both statutes should be viewed in connection with the combined whole of the two statutes, so as to make all the parts of the two statutes harmonize, if practicable, and give a sensible and intelligent effect to all the provisions of each.

Section 8 of the Appellate Court act, considered alone, would seem to prohibit an appeal to or writ of error from the Appellate Court in a chancery suit involving a franchise, a freehold, or the validity of a statute, and to allow such appeal or writ of error to be taken to this court. But section 67 of the Practice act, as amended, expressly provides that appeals and writs of error "may be taken to the Appellate courts from all final judgments, orders and decrees, except as hereinafter stated," and it is thereinafter provided, in the additional section 88 of the Practice act, that in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved, the appeal or writ of error may be taken directly to the Supreme Court, in case the party appealing or prosecuting such writ of error shall so elect, "excepting in cases of chancery." This exception should not be disregarded, for it is not to be presumed that the legislature intended any part of the statute to be with-

out meaning. If such exception is regarded, then no direct appeal lies in chancery cases from the circuit courts to this court.

The Appellate Court act is the original act establishing such courts and conferring jurisdiction. The amendments and additions to the Practice act seem to recognize the Appellate courts as existing courts, or, rather, to proceed upon the assumption that the act creating such courts will become a law, and take effect on the first day of July following, and their evident intention was to harmonize the practice and jurisdictions of the several courts of the State, including the proposed Appellate courts, and form a consistent whole. In interpreting the Appellate Court act, and for the purpose stated, these amendments and additions are rather to be regarded in the light of subsequent legislation, and as conferring by said sections 67 and 88, taken and considered together, an additional jurisdiction upon the Appellate courts,—that is, jurisdiction in cases of appeals or writs of error from final decrees in chancery suits involving a franchise, a freehold, or the validity of a statute, and as depriving this court, by said exception to section 88, especially when considered in the light of the other sections enacted concurrently therewith, of all direct appellate jurisdiction in chancery causes.

The appeal in this case will be dismissed, with costs, and leave will be given to withdraw the record from the files.

*Appeal dismissed.*