GRAND TOWER MINING, MANUFACTURING AND TRANS. CO.

*v.*

JAMES W. HALL.

APPEALS *from a trial court—suit in chancery to foreclose.* On September 12, 1879, a defendant in a chancery suit to foreclose a mortgage sued out of this court a writ of error to reverse the decree of foreclosure rendered in January, 1876: *Held,* that it should have been sued out of the Appellate Court, and the writ of error was dismissed.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. THOMAS G. ALLEN, for the plaintiff in error.

Mr. WM. J. ALLEN, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, to foreclose a mortgage, at the January term, 1876, of the Jackson circuit court. A final decree was rendered ordering a sale of the mortgaged premises in satisfaction of the debt. The writ of error was not, however, sued out until the 12th day of September, 1879; and the question arises, whether this court has jurisdiction, or

whether the writ of error should have issued from the Appellate Court.

The eighth section of the Appellate Court act provides that the Appellate Court shall have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook county, or from the city courts, in any suit or proceeding at law or in chancery, other than criminal cases and cases involving a franchise or freehold, or the validity of a statute.

Under this provision of the statute, and under section 88 of the Practice act in force July 1, 1877, it was held in *Young* v. *Stearns,* 91 Ill. 221, and *Fleischman* v. *Walker,* id. 318, that appeals from and writs of error to circuit courts in all chancery cases should be taken to the Appellate Court, and such cases could only reach this court after they had been decided in that court.   Since these cases were decided, the legislature has amended section 88 of the Practice Act, (Laws of 1879, page 222,) and provided that in all criminal cases above the grade of misdemeanors, and in cases in which a franchise or freehold, or the validity of a statute or construction of the constitution is involved, and in all cases relating to revenue or in which the State is interested as a party or otherwise, appeals or error shall be taken directly to the Supreme Court. The amendment, however, has no application to the case under consideration, as neither a freehold, franchise, the validity of a statute nor construction of a constitution is involved; and the cases cited where we have given a construction to the jurisdiction of the Appellate Court must govern.

The writ of error will therefore be dismissed.

*Writ of error dismissed.*