## MATILDA M. PATTERSON ET AL.
### v.
## JOHN McKINNEY ET AL.

JURISDICTION APPELLATE COURT—FREEHOLD.—Upon a bill filed in aid of an execution and seeking to set aside a deed made by the defendant in execution, the question of a freehold is involved, and this court has no jurisdiction to entertain an appeal therefrom.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN G. GLENN, Judge, presiding. Opinion filed June 17, 1880.

Mr. L. DOUGLASS, for appellants.

Messrs. PEPPER & WILSON and Messrs. WILLIAMS & LAW-
RENCE, for appellees.

PILLSBURY, P. J.  The case of Young v. Stearns, 91 Ill.
221, involved a freehold as there held by the Supreme Court,
and the appeal was dismissed.  That case was afterwards taken
to this court by writ of error, and is reported in 3 Bradwell, 498,
where the facts are stated.  It will be seen by reference thereto,
that it was a bill filed in aid of execution, and seeking to set
aside a deed made by the defendant in execution to Mrs.
Young, and to subject the lands conveyed by said deed to sale
upon the execution against her grantor.

The case at bar is in all respects, so far as the character of the
proceedings and the relief sought are concerned, identical with
that of Young v. Stearns, *supra*, and the Supreme Court hav-
ing determined that a freehold was involved therein, we must
hold that a freehold is involved in this case.  It follows from
this view, that this court has no jurisdiction to determine the
merits of the controversy between the parties.

Lequatte v. Drury, decided at this term [*ante* 389] is conclu-
sive upon this question.  The appeal must therefore be dis-
missed.

Appeal dismissed.