# M. MILLARD

## v.

# THE BOARD OF EDUCATION.

*Filed at Mt. Vernon January 25, 1886.*

APPEAL—*in chancery—suit to enjoin a board of education in respect to its management of schools and school fund.*   An appeal does not lie directly to this court from an order of the circuit court sustaining a demurrer to and dismissing a bill in chancery seeking to enjoin a board of education from paying out public money in support of a school, on the grounds, first, that the board have rented a building for such school, and propose to rent the same from year to year; second, that the school is kept at a place not authorized by a vote; and third, because the school is sectarian, and in the interest of a religious denomination.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. M. MILLARD, *pro se.*

Mr. JOHN B. BOWMAN, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This is a bill in chancery, filed in the circuit court of St. Clair county by appellant, against appellees, as members of the board of education of a district in that county, to enjoin them from paying out the public funds of the district in support of one of the schools of the district.   The grounds alleged in the bill for equitable interposition are:   First, that the board of education have rented a building or room in which to hold said school, for several years, and propose to continue so doing, and that such renting is from year to year, when, it is alleged, they have no power to rent a building, from year to year, for school purposes; second, because the school is kept at a place not authorized by a vote of the people of the district; and third, because, as it is alleged, the school

is sectarian in its character, and subordinated to the interests of a religious denomination in such way as to assist in the support of the church and the propagation of its tenets. A demurrer was sustained by the circuit court to the bill, and the complainant electing to stand by his bill, a decree was entered dismissing the bill, and for costs. The complainant thereupon brings the cause directly to this court by appeal, and seeks a reversal of the decree of the circuit court.

By the statute of the State, (sec. 8, chap. 37,) entitled "Courts," it is provided that the Appellate Courts of the State shall have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of the circuit court in any suit or proceeding at law or in chancery, other than criminal cases, and cases involving a franchise, or freehold, or the validity of a statute, and that appeals and writs of error from such final orders, judgments or decrees shall lie directly to the Supreme Court, in all criminal cases, and in cases involving a franchise, or freehold, or the validity of a statute. By the 89th section of the Practice act, (Starr & Curtis, 1482,) it is provided that criminal cases below the grade of felony shall be taken to the Appellate Court, "and in all criminal cases above the grade of misdemeanors, and cases in which a franchise, or freehold, or the validity of a statute, or construction of the constitution, and in all cases relating to the revenue, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court."

The validity of the acts prescribing that appeals shall be taken to, and writs of error prosecuted from, the Appellate Court, has been so frequently sustained by this court that no discussion of that subject will be necessary. *Young et al.* v. *Stearns et al.* 91 Ill. 221; *Fleischman* v. *Walker et al.* id. 318; *Meeks* v. *Leach et al.* id. 323.

It will be apparent, we think, from a statement of the scope and purpose of the bill, and a reading of the sections of the

statute referred to, that an appeal does not lie to this court in this cause directly from the circuit court. The arguments of counsel filed in the cause, on neither side raise any question of the validity of a statute or the construction of a provision of the constitution, and we are at a loss to perceive what one of the classifications mentioned in the statute, by which appeals lie to this court directly from the trial court, it falls under. It may be said that section 3 of article 8 of the constitution is an inhibition upon the power of appellees to appropriate any public funds for the support of a public school or any school under the domination or control of any church or sectarian denomination, and that section 3 of the Bill of Rights provides that "the free exercise and enjoyment of religious profession and worship without discrimination shall forever be guaranteed," etc. Indeed, these sections are cited in appellant's brief, but there is no question of construction of the constitutional provisions raised, or any necessity for an interpretation apparent. It is nowhere complained that the statute on the same subject is not in full accord with the constitution. The right of appeal is given by the statute only, and its provisions as to the court to which the party in the first instance must appeal, must be observed.

Briefs have been filed by appellant and by appellees without the interposition of a motion to dismiss the appeal; but on looking into the record we find that this court is without jurisdiction, and the appeal will be dismissed by the court on it own motion, and each party required to pay the costs made by them respectively in this court.

*Appeal dismissed.*