DRAINAGE COMMISSIONERS OF THE TOWN OF NILES, Appellees, *vs.* HENRY HARMS, Appellant.

*Opinion filed February 19, 1909.*

1. APPEALS AND ERRORS—*appeals to obtain trial de novo must be authorized by statute.* Appeals for the purpose of obtaining trials *de novo* are unknown to the common law, and can only be prosecuted where they are expressly given by statute.

2. SAME—*circuit court has no appellate jurisdiction by virtue of the constitution.* Circuit courts, and the superior court of Cook county, have no appellate jurisdiction by virtue of the constitution and cannot entertain an appeal that is not provided for by statute.

3. SAME—*constitutional provision authorizing appeal requires legislation to make it effective.* A person having nothing but the constitution as his authority cannot appeal a case, for the reason that the terms, conditions and rules under which an appeal may be taken and the case transferred to the court exercising appellate jurisdiction must be prescribed by statute.

4. SAME—*fact that Supreme Court may have appellate jurisdiction does not imply right of intermediate appeal.* Even if section 2 of article 6 of the constitution were construed as giving the Supreme Court appellate jurisdiction of a particular cause tried by a tribunal inferior to the circuit court it would not necessarily follow that there would be a right of intermediate appeal from such tribunal to the circuit court for a trial *de novo.*

5. SAME—*distinction between writ of error and appeal.* A writ of error is a writ of right in cases to which it applies and may be

sued out of the court having appellate jurisdiction without any statute; but the right to an appeal is strictly statutory, in the sense that it can only be exercised by complying with the statutory conditions, such as giving bond and filing authenticated copies of record.

6. SAME—*provision of the constitution relating to jurisdiction of Supreme Court construed.* The constitution does not give the Supreme Court appellate jurisdiction in all cases except those in which it has original jurisdiction, but the intention of the constitution is that in all cases other than those in which the court is given original jurisdiction, its jurisdiction, whether derived immediately from the constitution itself or from a statute, and wholly regardless of the question whether such jurisdiction is in a few or many or all other cases, shall be appellate jurisdiction only.

7. SAME—*no appeal lies to circuit court from judgment of justice of the peace assessing drainage damages.* A judgment of a justice of the peace assessing damages in a proceeding by farm drainage commissioners under sections 19 and 20 of the Farm Drainage act is made final and conclusive by the statute, and no appeal therefrom lies to the circuit or superior court.

8. SAME—*judgment of justice of peace assessing drainage damages does not determine question of freehold.* A judgment by a justice of the peace assessing damages in a proceeding under sections 19 and 20 of the Farm Drainage act does not determine any question of freehold, nor would any such question be involved if an appeal were allowed to the circuit court, as in such case the circuit court would exercise the same jurisdiction as the justice, and could not enter any judgment authorizing taking of property.

9. CONSTITUTIONAL LAW—*provision of the Farm Drainage act making judgment of justice of the peace final is not invalid.* The provision of the Farm Drainage act making the judgment of a justice of the peace final in a proceeding to assess damages under sections 19 and 20 of the Farm Drainage act is not in violation of any provision of the constitution, in the absence of any statute authorizing an appeal on a mere question of amount of damages.

DUNN and VICKERS, JJ., dissenting.

APPEAL from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

COBURN & CASE, (BENJAMIN D. MAGRUDER, of counsel,) for appellant.

JULIUS H. GEWEKE, (MILLARD F. RIGGLE, of counsel,) for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Drainage District No. 1 of the town of Niles, in Cook county, is organized under the Farm Drainage act. Its commissioners commenced a proceeding before a justice of the peace, under sections 19 and 20 of that act, to assess the damages to various owners of land over which the work was located, including appellant, who filed a cross-petition, and damages to the amount of $1097.50 were assessed in his favor. The act provides that if the commissioners are unable to procure the right of way by agreement they shall file a statement in writing with some justice of the peace, who shall issue a *venire* for a jury of six disinterested land owners and cause notice in writing to be served upon the owner or owners; that the jury shall hear the evidence as to the value of the land and all damages consequent upon the construction of the proposed work, and may go upon the premises for the purpose of viewing them; that they shall return as their verdict the amount of damages and the justice shall enter judgment for the amount of such verdict, which judgment shall be final and conclusive, and that the justice shall file in the office of the clerk of the drainage commissioners a certified transcript of the proceedings before him, which shall be recorded in the drainage record. Notwithstanding the provision that the assessment of damages before the justice shall be final and conclusive, the appellant filed an appeal bond in the superior court of Cook county, and a *supersedeas* was issued to the justice of the peace, who sent a transcript of the proceeding to the superior court. On motion of the appellees the appeal was dismissed by the superior court, and the appellant brings the record to this court by his further appeal.

The only question to be decided is whether the superior court erred in dismissing the appeal, and if no appeal from a justice of the peace to a circuit or superior court in a stat-

utory proceeding of this kind is authorized by statute or constitution, the judgment must be affirmed.

There is much argument by counsel that the act authorizing the proceeding before a justice of the peace is in violation of the constitution because it deprives a land owner of his property without due process of law and without trial by jury, as contemplated by the constitution, and without compensation ascertained by such a jury. In the case of *McManus* v. *McDonough*, 107 Ill. 95, this court had before it the question whether a trial by a justice of the peace and a jury of six men to ascertain the amount of damages to be paid to the owner of land for acquiring a perpetual easement for a public highway was a violation of any constitutional right. It was said that trial by jury was never enjoyed at the common law, or in this State before the adoption of the present constitution, in statutory proceedings under the power of eminent domain, and it was held that the only limitation of the present constitution is, that where the damages are not paid by the State they must be assessed by a jury, and the constitution authorizes a jury of six in civil cases before justices of the peace. It was therefore decided that no constitutional right was interfered with by the act under which the proceeding was carried on. The question, however, whether the Drainage act violates constitutional provisions by conferring jurisdiction upon justices of the peace is not properly raised upon this record, which involves only the single question whether an appeal is given by the law from the judgment of the justice fixing the amount of damages. If there is no right of appeal the superior court committed no error in dismissing the appeal, and if the legislature could not confer jurisdiction upon a justice of the peace, the remedy of a party injuriously affected is not by an appeal.

Section 2 of article 6 of the constitution provides that this court shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus* and appel-

238 — 27

late jurisdiction in all other cases, and it is argued that the Drainage act violates that provision, both because this court has appellate jurisdiction in all cases except those in which it has original jurisdiction and because a freehold is involved, and the appellate jurisdiction is preserved by section 11 of said article 6. If it should be admitted that section 2 confers upon this court appellate jurisdiction in all cases other than those in which it has original jurisdiction, it would not follow that an appeal is thereby allowed from a justice of the peace to the circuit court for a trial *de novo*. The question here is whether there is an appeal from the justice of the peace to the circuit court, and not whether this court may exercise appellate jurisdiction in this case and review the judgment of the superior court, which no one disputes. If the provision of section 2 is to be construed as appellant desires and then is to be applied literally it would give this court appellate jurisdiction of the proceedings before the justice of the peace, and it would not follow that there must be an intermediate appeal to some other court for a trial *de novo*.

Recurring to the constitution to ascertain whether the superior court of Cook county had jurisdiction of the appeal from the justice of the peace, which is the question in this case, we find that section 12 of article 6 provides that the circuit courts shall have original jurisdiction of all cases in law and equity and such appellate jurisdiction as is or may be provided by law. The circuit court has no appellate jurisdiction by virtue of the constitution and cannot entertain an appeal that is not provided for by statute. The general rule that a right to an appeal is purely statutory has been settled beyond controversy. The decision of an inferior court or tribunal acting within its jurisdiction is final unless provision is made by the statute for an appeal from such decision. Appeals for the purpose of obtaining trials *de novo* are unknown to the common law and can only be prosecuted where they are expressly given by statute.

(*Schooner Constitution* v. *Woodworth,* 1 Scam. 511; *Matter of Storey,* 120 Ill. 244.)   In *Ward* v. *People,* 13 Ill. 635, the statute under which the judgment was rendered did not provide for an appeal, but the right was claimed under a general statute allowing appeals from judgments of justices of the peace to the circuit court, and it was held that the court could not, without doing violence to the manifest intention of the legislature, hold that the general statute allowing appeals in all cases except on judgments confessed embraced cases under that statute.   In *Skinner* v. *Lake View Avenue Co.* 57 Ill. 151, the statement that the decision of a justice of the peace is final where the statute makes no provision for an appeal was repeated, and also that where the statute provided that the decision should be final an appeal could not be sustained without overriding the statute, but it was held that there was a right of appeal from the circuit court to this court where the judgment or decree was final and related to a freehold,—a question which is not involved in this case.

It is equally clear that an appeal could not be taken in this case under the general statute allowing appeals in other cases from justices of the peace without overriding the provision that the judgment shall be final.   In *Peak* v. *People,* 76 Ill. 289, it was held that a writ of error would lie from this court to the county court in a bastardy proceeding; but the distinction between that writ as a writ of right at the common law and an appeal was pointed out, and it was said that a right of appeal exists only by virtue of some statute giving it, being merely a statutory right.   That case answers the claim that there must be an appeal from the justice of the peace to the circuit court in order that the case may eventually reach this court.   Peak was convicted in the county court and on appeal to the circuit court was again convicted.   He appealed to this court, and the judgment of the circuit court was reversed for want of jurisdiction to entertain the appeal, there being no statute

authorizing it. (*Peak* v. *People*, 71 Ill. 278.) That left the judgment of the county court in full force, and Peak sued out a writ of error from this court to review the judgment of the county court. The writ of error was sustained as a writ of right at the common law, but the court referred to the former appeal, and said that it was then held that as no appeal to the circuit court had been provided by statute in that class of cases, none would lie to the circuit court or thence to this court.

If the constitutional provision were construed as the appellant contends it should be and could be applied to this case, the appeal to the circuit court could not be sustained. While a writ of error is a writ of right in cases to which it applies and may be sued out of the court having appellate jurisdiction without any statute, an appeal must be regulated by statute. A constitutional provision authorizing an appeal requires legislation to make it effective. A party with nothing but the constitution as his authority could not bring a case to this court by appeal, for the reason that the terms, conditions and rules under which an appeal may be taken and the cause transferred to the court exercising appellate jurisdiction must be provided by statute. It is for this reason that it has been so often said that the right to an appeal is strictly statutory, and that a party, to avail himself of the right, must conform to the conditions prescribed by the statute. The right is conferred by statute in the sense that it can only be exercised by complying with statutory conditions, such as giving bond and filing authenticated copies of the record within the time specified. (*Coal Belt Electric Railway Co.* v. *Kays,* 207 Ill. 632; *Hileman* v. *Beale,* 115 id. 355; *Loomis* v. *Hodson,* 224 id. 147; *Merritt* v. *Crane Co.* 225 id. 181.) There have been many cases where the question of the right of appeal to or writ of error from this court has been considered, and most of them are reviewed in the case of *Haines* v. *People,* 97 Ill. 161. That review perhaps serves to show that the dis-

tinction between writs of error and appeals was not al-
ways carefully observed, and in *Schlattweiler* v. *County of
St. Clair*, 63 Ill. 449, the case was spoken of as an appeal
when, in fact, it was a writ of error.    In *St. Louis and
Southeastern Railway Co.* v. *Lux*, 63 Ill. 523, there was an
appeal from the judgment of the circuit court condemning
land for right of way, and it was sustained on the ground
that under the act of 1865 appeals could be taken in all cases
where a writ of error could be prosecuted.

But appellant's position that the constitution gives this
court appellate jurisdiction in all cases except those in which
it has original jurisdiction is not correct.    In *Moore* v. *May-
field*, 47 Ill. 167, the court said it was not necessary to con-
sider whether the constitution was designed to give this
court appellate jurisdiction in all cases except those speci-
fied in which it is given original jurisdiction, or merely to
define the general character of its jurisdiction as being ap-
pellate, only, except in the cases specified, for the reason that
the proceeding was not a case within the meaning of the
constitution.    Afterward, in *Chicago and Alton Railroad
Co.* v. *Fisher*, 141 Ill. 614, that question was fully consid-
ered, and the court, citing *Young* v. *Stearns*, 91 Ill. 221,
and *Fleischman* v. *Walker*, id. 318, held that there are only
four classes of cases in which there is a constitutional right
of appeal or writ of error to this court; that sections 2 and
11 of article 6 must be construed together, and that appel-
lants in all cases do not have a constitutional right, either
direct or through the intermediate courts, of appeal to this
court.    The court said that the fundamental error of the
appellant was in assuming that by the clause, "and appel-
late jurisdiction in all other cases," found in section 2, it
was intended to invest this court absolutely with jurisdiction
in all cases other than those in which original jurisdiction
was conferred upon it.    The intention of the constitution as
construed by the court was, that in all cases other than those
in which the court was given original jurisdiction, its juris-

diction, whether derived immediately from the constitution itself or derived from an act of the legislature, and wholly regardless of the fact whether such jurisdiction was in a few or many or all other cases, should be an appellate jurisdiction only. Where there is appellate jurisdiction in this court, whether derived from the constitution or statute, the jurisdiction is appellate in its proper sense for the correction of errors, and not for the purpose of a trial *de novo*. Nothing in the constitution would authorize an appeal from a justice of the peace to the circuit court for a trial *de novo* unless such appeal is provided for by some statute. .

It is said, however, that this case involved a freehold, and for that reason is one of the causes in which there is a constitutional right of appeal to or writ of error from this court. As before stated, the right to an appeal in this case is not disputed, and the only judgment that can be reviewed is the judgment of the circuit court. A writ of error could not issue to the justice of the peace, (2 Cyc. 514,) and it .is not contended that the appellate jurisdiction of this court authorizes a review of what the justice. of the peace did. The freehold, however, was not involved in the proceeding before the justice. The easement acquired under the Farm Drainage act is perpetual, and therefore a freehold. Where such an easement is acquired by and through the judgment of a court a freehold is involved. The general statute on the subject of eminent domain provides for the filing of a petition setting forth the right of the petitioner to take the property and praying for the ascertainment of the compensation to be paid for it. The petition must not only set out the authority, but the purpose for which the property is to be taken or damaged, the names of persons interested, as owners or otherwise, as appearing of record, if known, or if not known, stating that fact. The defendant has a right to dispute the authority to take his property or question whether the power is being exercised in accordance with the statute, and the court may decide those questions. When

the compensation has been ascertained, the court is authorized to proceed to adjudge and make such order as to right and justice shall pertain, ordering that petitioner enter upon the property and the use of the same upon payment of the compensation, and such judgment order, with evidence of payment, constitutes complete justification for the taking of the property. In such a proceeding before a court the freehold is involved, but a justice of the peace has no jurisdiction to determine whether authority exists to take private property for public use or whether the authority is lawfully exercised, or to decide any conflicting questions of title. He is not invested with power to decide upon any question involving a freehold and he enters no judgment authorizing the taking of property. The statute only authorizes him to ascertain the amount of damages, and the question whether an easement which constitutes a freehold has been acquired depends upon the various steps taken in the organization of the district, and not upon any judgment entered by the justice of the peace. The question of freehold could not be settled by an appeal to the circuit court and a trial *de novo* there. The only question which the circuit court could consider or try would be the amount of damages. On the trial *de novo* the circuit court would exercise the same jurisdiction as the justice, and could not enter any judgment which would authorize the taking of the property. In the absence of any statute authorizing an appeal on a mere question of the amount of damages, the declaration of the Drainage act that the judgment of the justice shall be final and conclusive is not a violation of any provision of the constitution.

The judgment of the superior court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DUNN, dissenting:

I disagree with the majority opinion in this case. The only question involved is whether the superior court erred in dismissing the appeal.

Section 115 of chapter 79 of the Revised Statutes provides for an appeal from the judgment of a justice of the peace in all cases except on judgments confessed. The section under consideration expressly declares that the judgment of the justice of the peace shall be final and conclusive. It is contended that this provision is void because unconstitutional, and that an appeal therefore lies from the judgment of the justice of the peace under section 115 above mentioned. In my judgment the legislature has no power to make final the judgment of a justice of the peace depriving a suitor of his freehold. In criminal cases, and in cases involving either a franchise, a freehold or the validity of a statute, the appellate jurisdiction of this court is constitutional. Section 11 of article 6 of the constitution, in providing for inferior appellate courts, declares that from such courts appeals and writs of error shall lie to the Supreme Court in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved. In all such cases the writ of error from this court to the Appellate Court is a writ of right under the constitution, of which the party cannot be deprived by legislation. (*Young* v. *Stearns,* 91 Ill. 221; *Smith* v. *People,* 98 id. 407.) It was the manifest intention of the framers of the constitution that no freeholder should be deprived of his freehold without an opportunity for having the proceeding by which it was taken from him reviewed in this court, and that the same right should exist in each of the other cases mentioned. While the provision applies, in terms, only to appeals from and writs of error to the Appellate Court, yet it is reasonably implied that in all the cases named the right of the party to a review by this court of the decision of the lower court is recognized and preserved. It is scarcely to be supposed that the makers of the constitution would carefully preserve from legislative interference the right to review the decisions of the Appellate Courts in the classes of cases mentioned, while leaving to the legislature

full power to make the judgments of inferior courts and justices of the peace final in the same classes of cases. The majority opinion, however, expressly holds that the freehold was not involved in the proceeding before the justice of the peace, and in so doing is directly at variance with the previous decisions of this court. The right of way for the work of the drainage district sought to be acquired by this proceeding was a perpetual easement in appellant's land and was therefore a freehold. *Chaplin* v. *Commissioners of Highways,* 126 Ill. 264; *Oswald* v. *Wolf,* id. 542; *Tinker* v. *Forbes,* 136 id. 221; *Chronic* v. *Pugh,* id. 539; *Town of Brushy Mound* v. *McClintock,* 146 id. 643.; *Waggeman* v. *Village of North Peoria,* 160 id. 277; *Village of Crete* v. *Hewes,* 168 id. 330; *Farrelly* v. *Town of Kane,* 172 id. 415; *Wessels* v. *Colebank,* 174 id. 618; *Perry* v. *Bozarth,* 198 id. 328; *Funston* v. *Hoffman,* 232 id. 360.

*Chronic* v. *Pugh, supra,* was a proceeding under sections 4 to 10 of the Farm Drainage act to obtain the right to construct a tile drain across the defendant's land. The trial and judgment in such proceeding and the rights acquired and lost by the respective parties differ in nothing substantial from the trial and judgments and rights acquired and lost by the proceeding now under review. In considering the question whether the appeal had been properly brought from the trial court directly to this court it was said: "Clearly the successful issue of a proceeding of this character vests in the plaintiff an estate in fee in the easement sought to be acquired. This, as we have frequently held, is a freehold estate, within the meaning of the statute fixing the relative appellate jurisdiction of this court and the Appellate Court."

In *Chaplin* v. *Commissioners of Highways, supra,* this court had under consideration the eighth section of the statute in relation to roads and bridges, which authorizes commissioners of highways to enter upon any land adjacent to

any highway in their town "for the purpose of opening any ditch, drain, necessary sluice or water-course whenever it shall be necessary to open a water-course from any highway to the natural water-courses, and to dig, open and clean ditches upon said land for the purpose of carrying off the water from said highways or to drain any slough or pond on said highway." Said section provides that in case of the failure of the commissioners to obtain the consent of the owner of such lands to the cutting of such ditches a proceeding may be instituted before a justice of the peace of the county for the purpose of having the damages which such owner may sustain by reason of the digging or opening of such ditches or drains assessed by a jury. The mode of proceeding differs in no essential particular from that now under consideration. The court said (p. 272): "As we have already assumed, the proceedings by which the commissioners of highways have attempted to acquire the right to enter upon the complainant's land for the purpose of constructing and maintaining a drain can be justified only as an exercise of the right of eminent domain, which is the right existing in the State of taking private property for public uses on making just compensation. If the proceedings are effectual, as the defendants claim, a permanent interest in the complainant's land, in the nature of a perpetual easement—a freehold—has been taken, and upon payment of the damages assessed, will be vested in the proper municipal authorities, for the use of the public."

The case of *Perry* v. *Bozarth, supra,* came to this court by appeal from a judgment of the Appellate Court reversing a judgment of the circuit court. It was *certiorari* to review the proceedings of commissioners of highways in vacating a road and establishing a new one. The judgment of the Appellate Court was reversed, and it was directed to dismiss the appeal because a freehold was involved. The mode of proceeding by which commissioners of highways obtain the

right of way for a public highway is in every essential particular the same as that followed in this proceeding. The court said: "The interest acquired in the lands of others by proceedings taken by highway commissioners for the establishment of a public highway is a perpetual easement, and the right and interest of the highway commissioners, as the representatives of the public, in an established public highway, is a perpetual easement, and a perpetual easement in the lands of another is a freehold."

It is true that the justice enters only a judgment for the amount of the damages assessed. But so he did, also, in the cases just cited, and this court held in those cases that a freehold was involved in the proceedings before the justice of the peace. In this case, prior to the proceedings before the justice the appellees had no right to enter upon appellant's land. After those proceedings they had the right, upon payment of the damages awarded, to enter upon his land and construct and perpetually maintain a drain thereon. Whence did they acquire this right? Not from any grant from the appellant; not from any source but the proceedings before the justice. As a result of those proceedings appellees have, what never existed before, a perpetual easement in appellant's land. How can it be said, then, that the proceedings do not involve a freehold?

Mr. JUSTICE VICKERS: I concur in the dissenting opinion of Mr. Justice DUNN. If a statute conferring final jurisdiction on justices of the peace in proceedings under the Eminent Domain law, which have always been held to involve a freehold, is constitutional, then a statute authorizing a justice of the peace to try a murder case and pronounce the death sentence and make such judgment final would be equally valid.