EUGENE A. HUGHES *et al.*

*v.*

ELLA M. BELL.

*Filed at Ottawa October 11, 1895.*

1. BILLS OF EXCEPTION—*proper incorporation of exhibits—position of judge's certificate.*    Documents offered in evidence, which are fully identified by descriptive reference in the bill of exceptions to which they are attached as exhibits, and appropriately referred to in the judge's certificate, are part of such bill of exceptions, though they do not precede, but follow, the judge's certificate.

2. APPEALS AND ERRORS—*improper refusal of Appellate Court to pass on merits.*    A judgment of affirmance by the Appellate Court, stated to be entered upon the ground that certain exhibits, fully identified, follow instead of precede the judge's certificate in the bill of exceptions, will be reversed and the cause remanded to the Appellate Court, with directions to that court to consider and determine the cause on its merits.

*Hughes* v. *Bell,* 55 Ill. App. 379, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD F. DUNNE, Judge, presiding.

ELA, GROVER & GRAVES, for appellants:

Documents and exhibits annexed to a bill of exceptions and referred to in the bill, or by such reference made a part thereof, are part and parcel of the bill of exceptions, and when so identified must be considered to the same extent as though incorporated in the bill *in hæc verba. Quigley* v. *Campbell,* 12 Ala. 58; *Pearce* v. *Clements,* 73 id. 256; *Humphrey* v. *Burge,* 1 Greene, 223; *Reed* v. *Hubbard,* id. 153; *Walrath* v. *Viley,* 1 Bush, 266; *Vaughn* v. *Mills,* 18 B. Mon. 633; *Railroad Co.* v. *Godby,* 45 Ark. 490; *Railroad Co.* v. *Wagner,* 19 Kan. 335; *Woolfolk* v. *Wright,* 28 Ark. 15; *Dillard* v. *Parker,* 25 id. 503; *Sexton* v. *Brock,* 15 id. 345; *Kleinschmidt* v. *McAndrews,* 117 U. S. 282; 2 Thompson on Trials, secs. 2770, 2794; 2 Am. & Eng. Ency. of Law, 218, 220; 7 id. 483, 484; *Leftwitch* v. *Lecanu,* 4 Wall. 187; Powell on Appellate Proc. p. 233, sec. 33 *a; Stafford* v. *Stafford,* 27 Pa. St. 144; *Nash* v. *Harris,* 57 Cal. 244.

LEE & LEE, and P. B. COOLIDGE, for appellee:

A bill of exceptions is a pleading, and it is construed most strongly against the party preparing it. *Rogers* v. *Hall,* 3 Scam. 185; *Thomas* v. *Leonard,* 4 id. 556.

Exhibits written on sheets succeeding the signature of the judge, instead of being incorporated in the bill of exceptions, constitute no part thereof. It is the signature of the judge which authenticates. *Harris* v. *Bram,* 33 Ill. App. 511; *Williams* v. *Daily,* id. 454; *Irwin* v. *Smith,* 72 Ind. 482; *Garrity* v. *Lozano,* 83 Ill. 597; *Railway Co.* v. *Harper,* 128 id. 385; *Gilchrist* v. *Gilchrist,* 76 id. 281; Elliott on General Practice, sec. 1076; *Cincinnati, etc. Co.* v. *Clifford,* 113 Ind. 460.

The common law rule was strict upon the subject of bills of exception, and required that they should be com-

plete at the time the judge signed them. Elliott on General Practice, sec. 1075; *Huff* v. *Gilbert,* 4 Blackf. 19 ; *Doe* v. *Makepeace,* 8 id. 575 ; *Spears* v. *Clark,* 6 id. 167.

It is generally held that instruments of writing can be brought into the bill by reference by strictly complying with the statutory requirements, and not otherwise. *Cosgrove* v. *Corby,* 86 Ind. 511; *Sanders* v. *Farrell,* 83 id. 28 ; *Stratton* v. *Kennerd,* 74 id. 302.

The signature of the judge is essential to the validity of the bill. *Origet* v. *United States,* 125 U. S. 240.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an action of replevin, brought by appellee, against appellants, in the circuit court of Cook county. A jury was waived. At the trial the court found the issues for appellee, and rendered judgment accordingly. That judgment was affirmed by the Appellate Court, for the reason, as stated in its final order, that a number of exhibits follow, instead of precede, the certificate and signature of the trial judge to the bill of exceptions. The court, therefore, as further stated in said order, declined to consider any and all of the errors assigned in that court. We are now asked to reverse the judgment of the Appellate Court for its alleged error in having declined to consider the cause upon its merits, and having affirmed the judgment of the trial court for the reasons stated in its final order.

The original bill of exceptions incorporated into the transcript of record by stipulation consists of one hundred and three pages, shown in the record as pages 1 to 103, inclusive. The first ninety-one pages consist of the oral testimony, offers of evidence, judgment order, propositions of law, etc.; page 92 contains the signature and certificate of the trial judge, which certificate refers to the exhibits in question; pages 93 to 103, inclusive, show nine exhibits, designated as plaintiff's exhibits A, B, C and D, and defendant's exhibits A, B, C, D and E, (docu-

157—42

mentary evidence offered at the trial); page 104 of the record contains the stipulation of counsel that the "foregoing bill of exceptions" may be incorporated in and made a part of the transcript of the record without transcribing, etc.

The first documentary proof offered at the trial was a bill of sale, which is referred to and identified on page 4 of the bill of exceptions, in the following words and figures, to-wit: "Counsel for plaintiff offers in evidence the bill of sale made by Edwin Bell, Jr., to Ellen M. Bell, dated May 27, 1893, bearing certificate of record of S. B. Chase, recorder, Cook county, State of Illinois, May 29, in record book 3539, p. 261. Said bill of sale is marked 'Plaintiff's Exhibit A,' and a copy thereof attached to this bill of exceptions and made a part thereof." The other exhibits are referred to and described in the bill of exceptions in the same manner. All of these exhibits in every way correspond with the descriptions of and references to them in the body of the bill. The certificate of the trial judge appearing on page 92 of the bill of exceptions is as follows:

"Forasmuch, therefore as the matters and things aforesaid and above set forth do not otherwise appear of record, the defendants tender this their bill of exceptions, (including the exhibits hereto attached,) and ask that the same be signed, sealed and approved by the said judge of said circuit court of Cook county, which is done accordingly this 11th day of July, A. D. 1894.

E. F. DUNNE,    [Seal.]<br>*Judge of Circuit Court of Cook Co.*"

In our opinion, the true test as to whether exhibits are properly a part of the bill of exceptions is not merely whether they precede the certificate and signature of the trial judge, but whether they are so identified by the bill of exceptions as to show conclusively that they are the ones submitted to the trial court. (*Legnard* v. *Rhoades*, 156 Ill. 431; *Chicago, Milwaukee and St. Paul Railway Co.* v.

*Walsh,* 150 id. 607; 2 Am. & Eng. Ency. of Law, p. 220, and authorities cited in note 7.) It is manifest that the exhibits here in question were so identified. The Appellate Court should therefore have considered the errors assigned in that court.

For this error the judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to consider and determine the cause upon its merits.                    *Reversed and remanded.*