WILLIAM A. LAGOW *et al.*

*v.*

WILLIAM N. ROBESON.

> 167  615
> 82a  151
> 167  615
> 99a  283
> 167  615
> 102a  585

*Filed at Mt. Vernon June 18, 1897—Rehearing denied October 12, 1897.*

APPEALS AND ERRORS—*dismissal of action on motion—bill of exceptions must contain all the evidence.* One desiring to review the judgment of the lower court in dismissing his action on motion must preserve the evidence heard thereon by a bill of exceptions which must purport to contain *all* the evidence, otherwise it will be presumed the lower court heard evidence sufficient to justify its judgment.

*Lagow* v. *Robeson,* 69 Ill. App. 176, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Lawrence county; the Hon. S. Z. LANDES, Judge, presiding.

GEE & BARNES, for appellants.

W. F. FOSTER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a proceeding instituted in the county court of Lawrence county, wherein a majority of the owners of lands in Russell and Allison drainage district, in Lawrence county, presented a petition to the county court praying that two of the commissioners of the district be dispensed with, and that William N. Robeson, the appellee, be appointed sole commissioner under the provisions of section 62 of the Drainage act, (Hurd's Stat. 1895,

p. 623,) which provides as follows: "On the first Monday of September in each district heretofore organized under this act, and on the first Monday of September after any district may hereafter be organized under this act, the county court shall appoint three commissioners for each respective district, one to serve one year, one two years and one for three years from the date of the first appointment under this section, and on the first Monday of September of each year thereafter the said court shall appoint one commissioner of said district, who shall hold his office for three years and until his successor is chosen and qualified, but in all districts now organized or hereafter to be organized for the construction, separation and protection of drains, ditches or levees for agricultural purposes, the said court shall appoint as commissioner or commissioners only such person or persons as shall be petitioned for by a majority of the land owners representing a majority of the acreage embraced in the district: * * * *Provided,* that at any time after the drains, ditches or levees for the construction of which the district was organized have been finally completed, the court may, on petition therefor, as aforesaid, dispense with two commissioners, and thereafter appoint for such district but one commissioner, such one commissioner to hold office for the term of three years from his appointment and until his successor is chosen and qualified, and he shall perform the duties and exercise the powers theretofore vested in and imposed upon the three commissioners of such district."

As appears from the transcript of the proceedings in the county court, the petition professed to be signed by a majority of the land owners representing a majority of the acreage of land in the district. It alleged that the drains and ditches and levees for the construction of which the district was organized had been fully completed, and the court found that such was the case, and entered an order appointing appellee sole commissioner,

as prayed for in the petition. The appellants, who were the old commissioners, for the purpose of reversing the judgment of the county court, appealed to the circuit court, where, upon motion of appellee, the appeal was dismissed, but the appellants, not being satisfied, appealed to the Appellate Court, where the judgment of the circuit court was affirmed.

It is claimed in the argument that the court erred in dismissing the appeal. Upon looking into the record it appears that the motion to dismiss the appeal was incorporated into the record by bill of exceptions. But the bill of exceptions does not purport to contain all the evidence heard by the court on the motion to dismiss. Where a court of general jurisdiction, like the circuit court, enters a judgment dismissing an appeal or an original action on motion, in the absence of evidence to the contrary it will be presumed that the judgment of the court was authorized by the evidence heard on the motion. If, therefore, the party whose action has been dismissed desires to challenge the action of the court, he must preserve the evidence heard by the court on the motion in a bill of exceptions, and that bill of exceptions must show that it contains all the evidence, otherwise it will be presumed that the court heard evidence sufficient to justify the judgment. Here the bill of exceptions shows that on the motion to dismiss the appeal appellee filed and read certain points relied upon, but the bill of exceptions fails to show that the document so filed and read was all the evidence heard by the court. In the absence of a statement of that character we will presume that the court heard, on the motion, evidence which justified the judgment entered.

From what has been said it follows that the judgment of the Appellate Court affirming the judgment of the circuit court was correct, and it will be affirmed.

*Judgment affirmed.*