## Peshtigo Company v. Merchants & Shippers' Agency.

1. BILL OF EXCEPTIONS—*Insufficient Certificate.*—A bill of exceptions which concludes its statement of the evidence as follows: "Which, with documentary proof referred to and to be inserted, was all the testimony offered on the trial in said cause by either of said parties," is not sufficient to show that it contains all the evidence.

2. SAME—*Identification of Exhibits.*—If exhibits are so identified by the bill of exceptions as to show conclusively that they are the ones submitted to the trial court, they become properly a part of such bill.

Assumpsit, to recover compensation, under a verbal agreement. Trial in the Superior Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 11, 1899.

WILLIAM M. JONES and W. MORRIS JONES, attorneys for appellant.

BULKLEY, GRAY & MORE, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee sued in assumpsit to recover compensation to which it claims to be entitled under a verbal agreement, by which it was to receive forty per cent of the amount which should be collected from the Chicago & Northwestern Railroad Company upon a claim in favor of appellant. After the arrangement was made, and after, as it is claimed, appellee had done some work in preparing the case for presentation, appellant took the matter out of ap-

pellee's hands, and employed counsel for itself, by whom the claim was settled or collected.

It is claimed by appellant that the original agreement with appellee was based upon an understanding that the latter should employ certain attorneys, who were not employed.

The testimony is conflicting, and was submitted to a jury, who found a verdict in favor of appellee. It is urged that this verdict is not supported by the evidence, and that therefore the judgment should be set aside.

The bill of exceptions concludes its statement of the evidence as follows: "Which, with documentary proof referred to and to be inserted, was all the testimony offered on the trial in said cause by either of said parties."

Afterward two exhibits were supplied by the court and made part of the bill of exceptions by a subsequent certificate. But it is stated by counsel for appellant that "counsel for appellee declined to furnish or permit copies of these exhibits to be made for the purpose of incorporating them in the bill of exceptions," and it appears that but two out of eight exhibits offered in evidence and read to the jury are now found therein.

It is urged upon our attention that these missing exhibits are in the control of appellee's counsel, and that "at the time the bill of exceptions was signed by the trial court it was agreed and so ordered by the trial court that these exhibits should be subsequently inserted," and that appellee's counsel "refused to furnish copies or to permit us to take copies of them." Nothing, however, appears in the record with reference to any such agreement or refusal. If appellant's counsel disobeyed an order of the trial court, that court had ways and means at its disposal to enforce compliance with its order. No effort seems to have been made by appellant's counsel to secure the aid of the court in procuring the missing exhibits.

If exhibits are so identified by the bill of exceptions as to show conclusively that they are the ones submitted to the trial court, they become properly a part of such bill. Hughes v. Bell, 157 Ill. 655.

In this case they are not even identified by the bill of exceptions. They are apparently "referred to" as "documentary proof," and are "to be inserted." But there is nothing which would identify such documentary proof, even if subsequently supplied. That a bill of exceptions must purport to contain all the evidence to enable the merits of the case to be considered in this court, is too well known to require citation of authorities; but among cases so holding are James v. Dexter, 113 Ill. 654, and Lagow v. Robeson, 167 Ill. 615.

If there was any evidence in the record showing an effort to prevent the consideration of the case on its merits by counsel, it would be our duty to give it careful consideration, and to prevent, if we could, any advantage obtained by dishonorable means. But there is no such evidence before us.

As all the evidence produced at the trial is not before us, we must presume that the judgment was justified by such evidence, even if we felt at liberty to interfere with the verdict of the jury, upon evidence which the incomplete record before us shows was conflicting.

The judgment of the Circuit Court must be affirmed.