JOSEPH W. SWAFFORD *et al.*

*v.*

ISAAC ROSENBLOOM.

*Opinion filed February 20, 1901.*

1. APPEALS AND ERRORS—*what does not excuse non-compliance with statute fixing time for filing transcript of record.* A stipulation made by the parties in the circuit court, agreeing to an extension of time for filing the appeal bond and bill of exceptions, does not excuse the appellant from compliance with the statute fixing the time for filing the transcript of the record in the Appellate Court.

2. SAME—*when Appellate Court acquires jurisdiction.* The filing of an appeal bond and short record after the time when the transcript of record should have been filed gives the Appellate Court jurisdiction in the cause, and it may dismiss the appeal at any time thereafter for failure to file the transcript of record in time.

3. SAME—*an appellant is estopped to deny jurisdiction on account of defects in appeal bond.* An appellant is estopped to deny the jurisdiction of the Appellate Court upon the ground of defects in his own appeal bond.

4. SAME—*right of Appellate Court to assess damages where transcript is not filed in time.* Upon dismissal of an appeal for failure to file the transcript of the record as required by law, the Appellate Court may enter judgment against appellant for ten per cent damages on the amount of the judgment appealed from, and the Supreme Court will not interfere unless such power is abused.

*Swafford* v. *Rosebloom,* 92 Ill. App. 106, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

On the 20th day of July, 1900, the appellee recovered a judgment against the appellants for the sum of $2500 in the circuit court of Cook county. Appellants prayed an appeal to the Appellate Court for the First District, which was allowed upon the appellants filing an appeal bond in the sum of $4000, to be approved by the clerk of the circuit court, and a bill of exceptions within sixty days. On the 15th day of September, on stipulation of

the parties, the court extended the time in which to file bond and bill of exceptions thirty days. On October 13 the court, on motion of appellants, extended the time to file bond and bill of exceptions three days. On October 17 appellants filed an appeal bond in the office of the clerk of the circuit court, without surety, for the sum of $4000, which was "O. K. 'd" by O'Donnell & Brady, attorneys for appellee, and approved by the clerk. On the 18th day of October appellee filed a short record in the office of the clerk of the Appellate Court. On the 25th day of October, on motion of appellee, the Appellate Court dismissed the appeal and assessed appellee's damages at $130. On November 5 the appellants made a motion in the Appellate Court to set aside the order of dismissal, which was overruled, and on the same day an appeal was allowed to this court.

R. WILSON MORE, (JAMES A. PETERSON, of counsel,) for appellants.

O'DONNELL & BRADY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The first day of the October term, 1900, of the Appellate Court for the First District was Tuesday, October 2. Twenty days having intervened between the last day of the term of the circuit court at which the judgment appealed from was entered and the sitting of the court to which the appeal was taken, a transcript of the record of said judgment should have been filed in the office of the clerk of the Appellate Court on or before October 3. (Rev. Stat. chap. 110, sec. 72.) The stipulation of the parties did not excuse the appellants from a compliance with the statute in that regard. By reason of the filing of the appeal bond in the office of the circuit clerk on the 17th day of October and a short record in the office of the clerk of the Appellate Court on the 18th day of October the Appellate Court acquired jurisdiction in said

cause, and said court might rightfully dismiss said appeal at any time thereafter for a failure to file a transcript of the record in said court in time. (*Reynolds* v. *Perry*, 11 Ill. 534.) The appellants are estopped from objecting to the jurisdiction of the Appellate Court by reason of defects in their own appeal bond. (1 Ency. of Pl. & Pr. 1002.) The statute expressly authorized the Appellate Court, upon the dismissal of the appeal for failure to file a transcript of the record as required by law, to enter judgment against the appellants for not more than ten per cent damages on the amount of the judgment appealed from. (Rev. Stat. chap. 110, sec. 73.) This court will not review the exercise of such power unless it appears, which it does not from this record, that such power has been abused. *Baker* v. *Prebis*, 185 Ill. 191.

We find no error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*