## THE COAL BELT ELECTRIC RAILWAY COMPANY
### *v.*
### GEORGE W. KAYS.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*statutory conditions for appeal must be complied with.* The right of appeal is conferred by statute, and can only be exercised by complying with the statutory conditions.

2. SAME—*time fixed by trial court for filing bond does not extend statutory time for filing transcript.* The fact that the time fixed by the trial court for filing the appeal bond and bill of exceptions extends beyond the second day of the succeeding term of the Appellate Court does not extend the time fixed by section 72 of the Practice act for filing the transcript.

3. SAME—*section 72 of Practice act controls time for filing transcript.* If twenty days intervene between the last day of the term of the trial court and the sitting of the court to which an appeal is taken, the transcript must be filed on or before the second day of the term, as required by section 72 of the Practice act, unless the appellate tribunal grants further time for good cause shown.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Williamson county; the Hon. O. H. HARKER, Judge, presiding.

WILLIAM H. WARDER, for appellant.

W. A. SCHWARTZ, (SPILLER & WHITE, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 3, 1903, the circuit court of Williamson county entered a judgment in favor of appellee, against appellant, for $3000 and costs. The appellant prayed an appeal to the Appellate Court for the Fourth District, which was allowed, and thirty days were given to file an appeal bond and the time for filing a bill of exceptions was extended sixty days. The day on which the judgment was entered was the last day of the May term and on that day the court adjourned for the term. The next term of the Appellate Court for the Fourth District was fixed by statute to begin on the fourth Tuesday in August, 1903, which was August 25, and on that day the Appellate Court convened for that term. Twenty-two days intervened between the last day of the term, at which the judgment appealed from was entered, and the sitting of the Appellate Court. On August 28, 1903, appellant filed its appeal bond, duly approved, with the clerk of the circuit court. It did not file with the clerk of the Appellate Court any transcript of the record nor obtain an extension of time to file the same. On September 10, 1903, the appellee filed in said Appellate Court a transcript of the record of the circuit court, showing the judgment and allowance of the appeal, the adjournment for the term and the filing of the appeal bond, and moved the court to dismiss the appeal on the ground that no transcript of the record was filed in said court as required by law. Appellant thereupon entered its cross-motion for an extension of time in which to file such transcript, assigning as reasons in support of its motion that the circuit court allowed thirty days for filing an

appeal bond; that the appeal bond was filed within the time so allowed, two days after the second day of the August term of the Appellate Court; that sixty days were allowed for filing a bill of exceptions, and that appellant had been unable to secure a copy of the evidence, so as to make a bill of exceptions and secure a transcript in time to file it at the August term. The motion was supported by an affidavit that the appeal bond was filed as soon as possible, and that the appellant had been unable to secure a copy of the evidence, and therefore could not file a bill of exceptions or secure a copy of the record in time for the August term. The Appellate Court denied the cross-motion of appellant, allowed the motion of appellee and dismissed the appeal, with five per cent damages on the amount of the judgment. From the judgment dismissing the appeal and assessing damages against it appellant prosecuted this appeal.

The right of appeal is conferred by statute and can only be exercised by complying with the statutory conditions. By section 72 of the Practice act it is provided that authenticated copies of records, orders and decrees appealed from shall be filed in the office of the clerk of the Appellate Court on or before the second day of the succeeding term of said court, if twenty days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered and the sitting of the court to which the appeal shall be taken, otherwise the said appeal shall be dismissed, unless further time to file the same shall have been granted by the court to which said appeal shall have been taken, upon good cause shown. Section 73 provides that when appeals are dismissed by the Appellate Court for failing to file authenticated copies of records as required by law, the court shall enter judgment against the appellant for not less than five nor more than ten per cent damages on the amount recovered in the inferior court. (Hurd's Stat. 1899, p. 1294.)

Appellant contends that these provisions are modified or controlled by section 67 of the same act for the allowance of an appeal, which provides that the party praying for such appeal shall file an appeal bond within such time, not less than twenty days, as shall be limited by the court.   Its position is, that if the time so limited extends beyond the second day of the succeeding term of the Appellate Court it is not necessary to file the transcript by that time.   It is true that the circuit court had power to fix thirty days as the time within which appellant should file its appeal bond, that the appeal was not perfected until the bond was filed, and that the Appellate Court could not take jurisdiction of the case or hear a motion to extend the time for filing a transcript until the appeal was perfected by filing the bond; but the circuit court could not defeat the plain provision of the statute for filing the transcript by extending the time for filing the bond or bill of exceptions.   A trial court cannot fix a less time than twenty days for filing an appeal bond and may grant a longer time, but if twenty days intervene between the last day of the term of that court and the sitting of the Appellate Court, the provisions of section 72 as to filing the transcript must control.   In every such case the transcript must be filed as required by that section, unless further time has been granted by the court for good cause shown.   (*Swafford* v. *Rosenbloom,* 189 Ill. 392; *Fonda* v. *Jackson,* 203 id. 113.) The extension of time can only avail the appellant so far as it will not conflict with the requirement for filing the transcript.

The statute requires the Appellate Court to assess damages upon dismissing an appeal for failure to file the transcript as required by law, and as there was such a failure in this case it was not error for the Appellate Court to assess the damages.   *Swafford* v. *Rosenbloom, supra.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*