(No. 15714.—Writ dismissed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HYMAN LEVIN, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. APPEALS AND ERRORS—*record must show constitutional question was raised below.* Where the common law record of a conviction for maintaining a nuisance under section 21 of the Prohibition act is brought directly to the Supreme Court on the ground that the statute is invalid, the record must show that the constitutional question was raised in some manner in the trial court, and where there is no such showing in the record and no error is assigned on the record that authorizes transferring the case to the Appellate Court the writ of error will be dismissed.

2. SAME—*rulings on motions must be preserved by bill of exceptions.* Motions, and the court's rulings thereon, are not part of the common law record but must be preserved by a bill of exceptions.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

DAVID T. ALEXANDER, (MORRIS K. LEVINSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, Hyman Levin, was convicted in the municipal court of Chicago of maintaining a common nuisance by keeping a place where intoxicating liquor was kept and sold in violation of section 21 of the Illinois Prohibition act. He was tried before the court and a jury, found guilty and sentenced to confinement at labor in the house of correction in the city of Chicago for the term of one year and to pay a fine of $500 and costs. This writ of error is prosecuted for a review of the record.

This cause comes to this court on the common law record, on which the sole error assigned and argued is that section 21 of the Illinois Prohibition act is unconstitutional. The record discloses that no motion was made to quash the information. There is a recital in the record that a motion for a new trial was made and overruled, but there is no bill of exceptions preserving the motion for a new trial as part of the record, and the record does not even recite the grounds, if any special grounds were alleged, for such motion. There is no showing in the record whatever that the question of the constitutionality of said section of the Prohibition act was presented to the trial court for decision. This court cannot take jurisdiction of this cause upon the ground that the validity of a statute is involved, because the record does not disclose that such question was presented to the trial court for decision. (*People* v. *Rawson,* 278 Ill. 654; *Wennersten* v. *Sanitary District,* 274 id. 189; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *McGrath,* 195 id. 104.) There is no error assigned on the record that gives the Appellate Court jurisdiction of this writ of error.

As the cause is improperly in this court the writ of error will be dismissed.                    *Writ dismissed.*