THE PEOPLE *ex rel.* I. G. Naftzger, Appellant, *vs.* EDWIN ARNETT *et al.* Appellees.

*Opinion filed June 18, 1925.*

1. APPEALS AND ERRORS—*rulings on motions must be preserved by bill of exceptions.* Motions made by the parties in a proceeding at law, and the rulings of the court thereon, are not parts of the common law record but must be preserved by bill of exceptions.

2. SCHOOLS—*when ruling on motion to set aside order granting leave to file information cannot be reviewed.* The Supreme Court cannot consider an assignment of error on the ruling of the trial court on a motion to set aside an order granting leave to file an information in *quo warranto* against a high school district and to dismiss the petition where the motion or ruling thereon is not preserved by a ·bill of exceptions or a stenographic report signed by the trial judge, as it will be presumed in such case that the court acted within its legal discretion.

3. QUO WARRANTO—*court may set aside order granting leave to file information.* Where leave has been granted to file an information in *quo warranto* without notice and a hearing on the petition, the court is authorized, during the term in which the leave is granted, to vacate and set aside the order, where the same is shown to have been inadvertently or improperly granted·under a misapprehension of the law or of the facts.

4. SAME—*delay will justify refusal of leave to file information.* A writ of *quo warranto* is not a writ of right, and delay or acquiescence on the part of the public in bringing action for such writ will justify a refusal of leave to file an information.

APPEAL from the Circuit Court of Whiteside county; the Hon. CHARLES·J. SEARLE, Judge, presiding.

ROBERT W. BESSE, State's Attorney, (A. M. BLODGETT, of counsel,) for appellant.

EARL L. SCOTT, and JACOB CANTLIN, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

On December 24, 1924, appellant, by Robert W. Besse, State's attorney, filed a petition in the circuit court of Whiteside county for leave to file an information in the

nature of *quo warranto* against the board of education of Community High School District No. 303 in that county, alleging that the district is irregular in shape, is not compact and contiguous, as required by law, and that the school is maintained at Erie, in said district, which is not the community center thereof; that the district was organized March 20, 1920, and from that time has conducted a high school and levied taxes but has not issued bonds. An order was entered allowing the filing of the information, and on January 5 the appellees filed a motion to vacate that order and to dismiss the petition. On a hearing this motion was granted and the petition was dismissed. Appellant brings the cause here for review.

Appellant has filed no bill of exceptions with the record. The common law record, only, has been filed. An examination of the record discloses that the clerk of the trial court has copied into the common law record the motion of appellees to set aside the order permitting the filing of the information and to dismiss the petition therefor, together with the affidavits filed in support thereof. No certificate of the trial judge appears in connection therewith. It has been many times held by this court that motions of this character made by the parties in a proceeding at law, and the rulings of the court thereon, are not parts of the common law record but must be preserved by bill of exceptions. *People* v. *Levin,* 313 Ill. 588; *People* v. *Glasgow,* 301 id. 394; *People* v. *Weston,* 236 id. 104.

The errors assigned on the record are, that the court erred in entering judgment denying relator the relief prayed; in entering judgment for costs against the relator; in setting aside the order granting leave to file the information in *quo warranto;* in dismissing the petition for leave to file an information in *quo warranto;* and in allowing the motion of defendants to set aside the order granting leave.

Assignments of error on the rulings of the trial court on motions to set aside an order granting leave to file an

information in *quo warranto* and to dismiss the petition cannot be considered by this court where they are not preserved by a bill of exceptions or a stenographic report signed by the trial judge. *People* v. *Fling,* 303 Ill. 215; *People* v. *Glasgow, supra; People* v. *Ritscher,* 301 Ill. 40; *People* v. *Cowen,* 283 id. 308.

Where leave has been granted to file an information in *quo warranto* without notice and hearing on the petition, the court is authorized, during the term in which the leave is granted, to vacate and set aside that order where the same is shown to have been inadvertently or improperly granted under a misapprehension of the law or of the facts. *People* v. *City of Chicago,* 270 Ill. 188.

An examination of the petition and information filed in this case shows that the high school in this district had been conducted for a period of more than four years before an information in *quo warranto* was sought. A writ of *quo warranto* is not a writ of right, and delay or acquiescence on the part of the public in bringing action for such writ will justify a refusal of leave to file an information. *People* v. *Burrell,* 308 Ill. 600; *People* v. *Jones,* 308 id. 246; *People* v. *Burson,* 307 id. 533; *People* v. *Stewart,* 306 id. 470.

The only error assigned on the common law record is that the court erred in entering judgment denying the relief prayed. In the absence of a bill of exceptions showing the rulings of the court on motions it will be presumed that the court was acting within its legal discretion in so doing. It is not apparent from an examination of the information and the petition therefor that the denial of the petition amounts to an abuse of discretion.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*