THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HYMAN LEVIN, Plaintiff in Error.

· *Opinion filed October 28, 1925.*

1. CRIMINAL LAW—*motions must be incorporated in bill of exceptions—prohibition.* Motions, petitions in the nature of motions, and the court's ruling thereon, are not parts of the common law record, and to become a part of the record they must be incorporated in a bill of exceptions or stenographic report signed by the trial judge; and in a prosecution for violation of the Prohibition act a petition to impound liquor alleged to have been unlawfully seized and to exclude it from the evidence, when copied into the record without a certificate or bill of exceptions, will, on motion, be stricken from the record.

2. PROHIBITION—*when constitutional question is not preserved for review.* A question involving the constitutionality of the Prohibition act is not properly preserved for review where the motion raising the question, and the court's ruling thereon, are necessarily stricken from the record because not incorporated in a certificate or bill of exceptions.

WRIT OF ERROR to the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding.

H. A. BROOKS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, MARK C. KEL-LER, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An amended information consisting of three counts, charging Hyman Levin with violations of the Prohibition act on November 13, 1924, was filed in the county court of Lee county. His plea was not guilty. A trial followed, and by the jury's verdict Levin was found guilty as charged in the several counts of the amended information. Motions for a new trial and in arrest of judgment were made and denied. Levin was fined $1000 and costs upon the first count and sentenced to 180 days' imprisonment in the county jail on the third count. No sentence was imposed on the second count. By this writ of error Levin brings the cause here for review.

The errors assigned by the plaintiff in error are: (1) That no count of the amended information charges a violation of the Prohibition act and that the county court erred in denying the motion of the plaintiff in error to quash the information; (2) that section 29 of the Prohibition act is void because it authorizes the issuance of a search warrant upon a complaint made merely upon information and belief, and that the trial court erred in denying the petition of the plaintiff in error to impound and to exclude from the evidence certain intoxicating liquors seized upon a search warrant issued on a complaint so made; and (3) that the giving of certain instructions at the request of the prosecution constituted reversible error.

The petition to impound and to suppress the seized liquors, and the court's rulings thereon, are not incorporated in the bill of exceptions. They have been copied into the record, but no certificate of the trial judge appears in con-

nection therewith. Defendant in error has filed in this court a motion to strike from the transcript of the record the parts so included.

Motions, petitions in the nature of motions, and the court's rulings thereon, are not parts of the common law record. To become such they must be incorporated in a bill of exceptions or stenographic report signed by the trial judge. (*People* v. *Arnett,* 317 Ill. 425; *People* v. *Levin,* 313 id. 588; *People* v. *Ritscher,* 301 id. 40; *People* v. *Glasgow,* 301 id. 394; *People* v. *Cowen,* 283 id. 308; *McKinney* v. *People,* 2 Gilm. 540.) It follows that the petition or motion to impound the liquors seized and to exclude them from the evidence, and the court's rulings thereon, are not parts of the record and should be stricken therefrom. The motion of the defendant in error must, therefore, be allowed.

The ground upon which plaintiff in error seeks a direct review of the trial court's judgment by this court is the alleged invalidity of section 29 of the Prohibition act. Even if that contention had not been considered and determined in *People* v. *Elias,* 316 Ill. 376, the question has not been preserved for review in the instant case. The motion, and the county court's ruling thereon, which sought to present the question, necessarily have been stricken from the record, and for that reason the errors assigned upon that ruling can not be considered by this court. (*People* v. *Arnett, supra; People* v. *Ritscher, supra; People* v. *Cowen, supra.*) No other assigned error raises any question of which this court by a direct review has jurisdiction.

The writ of error should have been sued out of the Appellate Court for the Second District, and the cause will be transferred to that court.                                 *Cause transferred.*