## Lawrence Berkel, Appellant, v. William J. Schmitt, Appellee.

1.   FORCIBLE ENTRY AND DETAINER—*when limit on filing appeal bond does not apply.*   Under Cahill's St. ch. 57, ¶ 19, providing a 5-day limit for filing an appeal bond in forcible entry and detainer cases, the limitation does not apply in cases originating before a justice of the peace which have been appealed to the county court, from which the appeal is taken.

2.   FORCIBLE ENTRY AND DETAINER—*proper bill of exceptions as necessary to appeal from county court order.*   An appellant from the county court cannot have reviewed the order of that court dismissing his appeal from a justice court judgment in forcible entry and detainer after failing to present and have signed a bill of exceptions, where he claims the ground urged for dismissal was waived by agreement of the parties.

3.   FORCIBLE ENTRY AND DETAINER—*requirement of filing fee on appeal not waived by an agreement of parties.*   An agreement between the parties to a forcible entry and detainer case on appeal to the county court from justice court judgment that it should be transferred from the law to the probate side of the court cannot waive the requirement of payment of the filing fee on appeal which is necessary to perfect an appeal.

Appeal by plaintiff from the County Court of Gallatin county; the Hon. W. S. SANDERS, Judge, presiding. Heard in this court at the March term, 1927. Affirmed. Opinion filed May 14, 1927.

W. R. McKERNON, for appellant.

W. S. PHILLIPS and BARTLEY & BARTLEY, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

Appellee instituted a forcible entry and detainer proceeding against appellant before a justice of the peace of Gallatin county for the recovery of the possession of certain real estate. A trial was had, resulting in a judgment in favor of appellee for possession of the premises involved in said proceeding. Appellant prayed an appeal to the county court of said county. The appeal bond was fixed in the sum of $1,000, and the same was filed by appellant and was approved by said justice within 20 days after the rendition of said judgment.

The record discloses that, by agreement of appellant and appellee, an order was entered transferring said cause to the probate side of the county court, and the cause was set for trial December 9, 1926. On said date, the following order was entered by said probate court:

"Appeal dismissed because appeal was not perfected within the time required by law, to wit: Filing fee not paid within twenty days. Appeal dismissed, procedendo to issue."

Appellant prayed an appeal to this court, and the court entered an order fixing the appeal bond at $1,000, to be presented within 60 days, and bill of exceptions within 90 days. The appeal bond was filed on the 18th day of December, 1926, and was approved by the county court on said date, being nine days after the rendition of said judgment. No bill of exceptions was filed in the case. A motion is made in this court by appellee to dismiss said appeal, for the reason that the appeal bond was not filed and approved within five days from the date of the order dismissing the appeal.

Cahill's St. ch. 57, ¶ 19, provides:

"If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act (Forcible Entry and Detainer Statute),

such party may have an appeal, to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases. *Provided,* the appeal is prayed and bond is filed within five (5) days from the rendition of the judgment.''

This court, in construing said statute in *Vincent v. Laurent,* 165 Ill. App. 397, at page 399, said:

''Upon a consideration of sections 18, 19 and 20 of the act entitled 'Forcible Entry and Detainer' we conclude that the proviso in section 18, requiring, in case of appeal, that the appeal shall be prayed and bond filed within five days from the rendition of the judgment, applies to judgments rendered on the original trial whether in a court of record or before a justice of the peace, and has no application to the filing of the bond for an appeal to this court where the suit originated before a justice, and we concur in the reasoning and conclusions reached in *Davis v. Hamilton,* 53 Ill. App. 94, and *Ehlert v. Security and Safety Deposit Company,* 72 Ill. App. 59. This cause originated before a justice of the peace where a judgment was rendered against appellant. She there prayed an appeal to the Circuit Court and filed her bond within five days in compliance with the proviso in section 18, *supra,* which brings the case within the rule laid down in the cases above cited. The motion to dismiss the appeal will be denied.''

Following the rule laid down in that case, the motion to dismiss the appeal will be denied.

Counsel for appellant concedes that the filing fee on the appeal to the county court was not paid, and that the payment of said fee within the time specified by statute is necessary in order to perfect the appeal, but insists that the parties waived the payment of such fee by agreeing to transfer said cause from the law side to the probate side of the county court, and fixing the time for the trial for December 9, 1926.

Appellant is in no situation to have reviewed the order of the court dismissing said appeal, for the reason that he failed to present and have signed a bill of exceptions. *People ex rel. Shriver v. Cowen,* 283 Ill. 308–312; *People ex rel. Williams v. Glasgow,* 301 Ill. 394; *People ex rel. Naftzger v. Arnett,* 317 Ill. 425. In the latter case, the court at page 426 says:

"Appellant has filed no bill of exceptions with the record. The common law record, only, has been filed. An examination of the record discloses that the clerk of the trial court has copied into the common law record the motion of appellees to set aside the order permitting the filing of the information and to dismiss the petition therefor, together with the affidavits filed in support thereof. No certificate of the trial judge appears in connection therewith. It has been many times held by this court that motions of this character made by the parties in a proceeding at law, and the rulings of the court thereon, are not parts of the common law record but must be preserved by bill of exceptions." Citing *People v. Weston,* 236 Ill. 104; *People ex rel. Williams v. Glasgow, supra; People v. Levin,* 313 Ill. 588.

Even if a bill of exceptions had been filed, disclosing an agreement as above contended for, it would not waive the provision with reference to the payment of the filing fee. In *Conklin v. Tobey,* 224 Ill. App. 142, the court at page 145, in discussing this question, says:

"Since that amendment (amendment of 1919), the payment of the fee is one of the requisites to an appeal and is just as necessary as it is to file the bond. To construe the amendment as contended by appellant would be to nullify the amendment and leave the statute substantially the same as it was before the amendment was passed. The legislature had the right to determine the conditions on which appeals shall be taken, and after a method has been provided, a party to avail himself of the right to appeal must conform to the con-

ditions prescribed by the statute.'' Citing *Kemper v. Town of Waverly*, 81 Ill. 278; *Coal Belt Elec. Ry. Co. v. Kays*, 207 Ill. 632; *Drainage Com'rs of Town of Niles v. Harms*, 238 Ill. 414.

For the reasons above set forth, the judgment of the county court will be affirmed.

*Judgment affirmed.*