560

Dove D. Hickman, Appellant, v. Ritchey Coal Company, Appellee.

Opinion filed February 27, 1929.

Wilbur R. Wicks and George W. Dowell, for appellant; Wilbur R. Wicks, of counsel.

No appearance for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellant sued to recover for personal injuries sustained in March, 1919. The action was begun October 25, 1923, and issues were joined at the November term of court. At the May term, 1924, May 5, Judge Crow made an entry on the docket that the parties agreed the cause should be tried by the court on the following Thursday, on a stipulation of facts. No entry was thereafter made that the cause had been tried and submitted to the court, or that it was taken under advisement. Neither does it appear from any record entry that the parties agreed to waive a formal trial in open court.

On May 4, 1925, Judge Gillham entered an order that upon the call of the cause for trial it was dismissed for want of prosecution at appellant's costs. About two years later, May 2, 1927, Judge Stuttle ordered the reinstatement of the cause upon being advised by the attorney then representing appellant that both parties had agreed that it should be reinstated. At the same term of court, on May 17, 1927, appellee moved the court to set aside the order of reinstatement on the

ground that it had never agreed that the cause should be reinstated. Thereupon Judge Harriss allowed the motion and set aside the order of reinstatement and again ordered that the suit be dismissed and removed from the docket.

In that state of the record Judge Crow, on June 14, 1927, and at the same term of court, rendered a judgment in favor of appellant for $5,000 based upon a stipulation of facts which had been entered into at the May term, 1924. At the same term of court, on August 1, 1927, appellee moved to set aside that judgment and Judge Miller entered an order setting it aside and again dismissed the suit at appellant's costs. At a subsequent term of court, on May 7, 1928, appellant moved the court to set aside the original order of dismissal entered May 4, 1925, the order of May 17, 1927, setting aside the order of reinstatement, and the order of August 1, 1927, setting aside the $5,000 judgment and asked the court to restore and reinstate that judgment. The motion was overruled and appellant has perfected an appeal from that ruling.

Appellant's motion was filed more than three years after the original order of dismissal for want of prosecution had been entered. The law is well settled that the court is without authority to set aside a judgment, on motion made at a subsequent term, except in the following cases: where it is by consent of the parties; where the judgment is absolutely void, and where the motion is made under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. After the term has expired, a court has no authority on a motion made at a subsequent term to set aside the judgment, but may amend it in mere matter of form, after notice has been given to the opposite parties. *Cook v. Wood,* 24 Ill. 295; *Cramer v. Commercial Men's Ass'n,* 260 Ill. 516. Where a cause was dismissed for want of prosecution and it was reinstated at a subsequent term, it was held

that the court was without jurisdiction to reinstate it. *Smith v. Wilson,* 26 Ill. 186.

In the absence of a statute providing otherwise, a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term, or unless the judgment is void. *People v. Weinstein,* 298 Ill. 264. It is apparent, therefore, that the motion to set aside the original order of dismissal cannot be allowed unless the motion is sufficient to bring the case within section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. That question will be considered later.

The court did not err in setting aside the order of reinstatement which was entered on May 2, 1927. The cause was reinstated on that day on representations made by the then attorney for appellant that both parties had agreed thereto. A few days later, and at the same term of court, appellee moved the court to set aside the order reinstating the cause on the ground that it had never made such an agreement. The court was fully warranted in setting aside the order of reinstatement.

The court did not err in denying the motion to set aside the order of August 1, 1927, which vacated and set aside the $5,000 judgment. The judgment was set aside at the same term at which it was rendered and the judgment had been rendered at a time when the cause had been dismissed for want of prosecution. Upon the dismissal of a suit the parties are out of court, and no further proceedings are authorized until the judgment of dismissal is vacated and the cause reinstated. *Goodrich v. Huntington,* 11 Ill. 646; *Chicago Title & Trust Co. v. Tilton,* 256 Ill. 97.

A motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, must set up and rely upon such a fact or facts as do not appear upon the record and are unknown to the court, and which, if known, would have precluded the rendition of the judgment.

*People ex rel O'Connell v. Noonan*, 276 Ill. 430. The motion does not aver that there was any fact or facts unknown to the court at the time the suit was dismissed for want of prosecution. There was nothing upon the docket to indicate that the parties had waived a trial in open court. The last order prior to the dismissal of the case was to the effect that the parties had agreed to try the case before the court on a certain day on a stipulation of facts. There is no showing that the case was actually submitted to Judge Crow for decision other than the affidavit of appellant hereinafter referred to. At the time the $5,000 judgment was set aside the court was fully advised as to all of the facts.

The motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, is for the sole purpose of correcting such errors of fact, which, by the common law, could have been corrected by a writ of error *coram nobis*. The statute so provides. The motion will not lie where the party complainant knew the facts complained of at the time of or before trial, or by the exercise of reasonable diligence, might have known them, or is otherwise guilty of negligence in the matter, or when advantage could have been taken of the alleged error at the trial. 5 Encyc. Pl. & Pr. 29; 34 C. J. 394; *Mitchell v. Eareckson*, 250 Ill. App. 508. The motion is not intended to relieve a party from the consequences of his own negligence. *Loew v. Krauspe*, 320 Ill. 244; *Cramer v. Commercial Men's Ass'n*, 260 Ill. 516.

The attorney who brought this suit knew all of the facts now relied upon by appellant in support of his motion before the orders in question were entered. He died in December, 1927, and had represented appellant in this case since October 25, 1923. Appellant filed his own affidavit in support of his motion in which he averred, *inter alia*, that the several orders aforesaid were entered without notice to him or his attorney; that the cause was submitted to Judge Crow at the

May term, 1924, for his decision upon a stipulation of facts; that the judge then took the case under advisement and retained it until June 14, 1927, when he rendered judgment for $5,000; that under the circumstances the case should not have been set for trial at the May term, 1925, and should not have been dismissed for want of prosecution, etc.

After a defendant is served with process both parties are bound to be in court, and are charged with knowledge that any proper order or motion may be made at any time, in the absence of a rule excusing attendance unless notice is given. *Bonney v. McClelland,* 235 Ill. 259. It is quite apparent that the motion to set aside the order of reinstatement and the motion to set aside the $5,000 judgment, and the orders entered on those motions, were proper motions and orders of which appellant and his attorney were bound to take notice. The only remaining question is as to whether the original order of dismissal on May 4, 1925, was a proper order of which appellant and his attorney should take notice. We think it cannot be said that it was a void order. Appellant's affidavit alleged to have been filed in support of his motions has not been properly preserved.

The bill of exceptions in this case, omitting the caption, conclusion and signature, is as follows: "Be it remembered, that heretofore, to-wit, on the hearing of the above entitled cause, before the Honorable Henry G. Miller, one of the Judges of said Court without a jury, on the 16th day of July, A. D. 1928, the same being one of the days of the May term, A. D. 1928, of said court, the plaintiff, to maintain the issues on his behalf, introduced the following motion, affidavit and stipulation, which is hereto attached, and which was all the evidence offered, heard or received on the trial of the above entitled cause." It will be observed that the bill of exceptions does not contain the ruling of the court on the motion or the exception thereto. Motions,

petitions in the nature of motions, and the court's rulings thereon, are not parts of the common-law record and must be incorporated in a bill of exceptions. *People v. Levin,* 318 Ill. 227; *People v. Arnett,* 317 Ill. 425.

It will also be observed that the bill of exceptions simply states that the plaintiff introduced "the following motion, affidavit and stipulation, which is hereto attached," without otherwise incorporating the same therein or attempting to identify the instruments referred to and it does not by express terms make the said instruments a part thereof. To bring before a court of review the question whether the evidence sustains the judgment, such evidence must be incorporated in a bill of exceptions signed by the trial judge, or particularly referred to therein and by express terms made a part thereof in such a manner as to show conclusively that such was the evidence submitted to the trial court. *Legnard v. Rhoades,* 156 Ill. 431; *Hughes v. Bell,* 157 Ill. 655. When instructions are referred to in a bill of exceptions but there is nothing contained therein to identify the instructions so referred to, they are not properly preserved. *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69.

Under the foregoing authorities the motion, affidavit, stipulation and ruling of the court on the motions and an exception thereto have not been properly preserved. Even if they had been we have shown that the court did not err in its ruling and the judgment is affirmed.

*Affirmed.*