(No. 31033.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESSE HAMILTON, Plaintiff in Error.

*Opinion filed November 22, 1949.*

JESSE HAMILTON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, and W. S. MIROSLAWSKI, both of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Jesse Hamilton, plaintiff in error, was convicted of the crime of burglary in the criminal court of Cook County, and on July 28, 1947, he was sentenced to the penitentiary for a term of not less than two nor more than five years. The cause was tried before the court without a jury. Plaintiff in error has assigned a number of errors, but the only one briefed and argued is that the court committed error in overruling a motion to suppress certain evidence, which it is claimed was taken, without a search warrant, from the automobile in which he was riding.

The case comes to this court upon the common-law record, which does not contain a bill of exceptions. No evidence of any character is preserved, although in the common-law record there is contained a copy of the petition of plaintiff in error to suppress. The judgment of the court recites that a hearing was had upon this petition, but no evidence or bill of exceptions concerning what took place is preserved in the record.

It is well settled that all motions and petitions in the nature of motions, and the court's ruling thereon, are not a part of the common-law record. To become such they must be incorporated in a bill of exceptions or stenographic report signed by the trial judge. (*People* v. *Levin,* 318 Ill. 227; *People* v. *Yetter,* 386 Ill. 594; *People ex rel. Naftzger* v. *Arnett,* 317 Ill. 425, and many others, including

*McKinney* v. *People,* 2 Gilm. 540.) It follows that since the petition was not made a part of a bill of exceptions, and being no part of the common-law record, there is no issue upon this question for the court to decide.

Plaintiff in error assigns error in the refusal of the court to grant a new trial, and in overruling his motion in arrest of judgment, but these points are not argued, nor is any authority submitted justifying their consideration. It follows that the judgment of the criminal court of Cook County should be, and is, affirmed.

*Judgment affirmed.*